Ganson *v.* Lathrop.

In distributing the assets of a deceased partner, among his creditors, the debts owing by him individually are to be first paid, and then the debts owing by the partnership of which he was a member.

The fact that a claim against the firm consists of promissory notes of the firm, which are in terms *joint and several,* will not change the principle; or entitle the creditor to a priority in payment as an individual creditor of the deceased partner.

Whether it is within the general implied powers of one partner to bind his copartner, in an obligation which shall make him severally liable to a creditor, so as to deprive such copartner of a defense in abatement for the non-joinder of his co-debtor as defendant, when prosecuted at law, upon the obligation? *Dubitatur, per* WELLES, J.

APPEAL from a decree of the surrogate of Monroe county, on a final settlement of the accounts of an executrix. Upon the hearing before the surrogate, in August 1856, it appeared that on the first day of January, 1850, the testator, Hollister Lathrop, and the appellants entered into partnership, under the firm name of J. Ganson & Co. That they carried on business as such, until August 11th, 1854, when the testator sold and assigned his interest in the partnership effects, including the debts owing to, and personal property owned by, the said firm, to the appellants and others who had previously, and on the 12th of October, 1853, formed a copartnership under the firm name of Ganson, Huntley & Co. The claim of the appellants consisted of several promissory notes made by the firm

of J. Ganson & Co., by which the makers, "*jointly and sever-ally*, promised to pay Ganson, Huntley & Co." &c., and were all subscribed " J. Ganson & Co." and were given for debts owing by the firm of J. Ganson & Co.

The individual estate of the testator was insufficient for the payment of the debts owing by him individually. The decree of the surrogate ordered the individual assets of the estate to be distributed amongst the individual creditors of the testator in ratable proportions, and excluded the appellants' claims altogether. The appellants claimed the allowance of the said notes and to participate in the distribntion, on the ground of the form in which the notes were drawn, contending that as they were payable jointly and severally, the holders were indi-vidual creditors of the testator.

*S. B. Jewett*, for the appellants.

.*Jerome Fuller*, for the respondents.

*By the Court*, WELLES, J. The appellants' counsel at-tempts to distinguish this case from that of *Kirby* v. *Carpen-ter*, (7 *Barb.* 373,) and contends that it should not be governed by the principle of that case in regard to the distribution of the assets of a deceased partner, on the ground that, as he con-tends, the evidence of the claim of the appellants against the firm of J. Ganson & Co., of which the testator was a member, consists of promissory notes of that firm which were, in terms, joint and several, although subscribed by the firm name of J. Ganson & Co. Assuming that to have been the form of the notes, it does not, in our judgment, change the principle. In the first place, I doubt very much whether it is within the general implied powers of one partner to bind his copartner in an obligation which shall make him severally liable to a cred-itor, so as to deprive such copartner of a defense in abatement for the non-joinder of his co-debtor as defendant, when prose-cuted at law upon the obligation. If he knew of, and consented to, such obligation at the time, or ratified it afterwards, the

case would probably be different. But even in such a case, it would still be a partnership debt and the creditor would be, none the less, a partnership creditor. The rule as stated in *Kirby* v. *Carpenter*, (*supra*,) is as follows : " It is a settled rule in equity that in marshaling the assets of a deceased partner, the partnership property is to be first applied to the payment of partnership debts, and until such debts are all. paid, no creditor of the individual partner is entitled to any share in the assets of the partnership." Also, that " the separate creditors of the deceased partner are entitled to priority over the creditors of the partnership, in respect to the separate estate of the deceased partner." We think this rule is applicable to the present case, and the decision of the surrogate being in accordance with it, his decree should be affirmed with costs, to be paid by the appellants.

Ordered accordingly.

[MONROE GENERAL TERM, September 7, 1857. *Johnson, T. R. Strong* and *Welles*, Justices.]