ALLEGANY COUNTY.—HON. C. A. FARNUM, SURROGATE.—May, 1887.

MATTER OF POTTER.

*In the matter of the estate of* CLARK L. POTTER, *deceased.*

Decedent, at the time of his death, was a member of a firm, which was then insolvent and indebted to L. in the amount of a promissory note,

whereon the latter brought action against the administrators and, having shown the insolvency of the surviving partners, recovered a judgment in the ordinary form, with a direction added, that the same "be paid and collected out of the property of the estate of" decedent. The judgment creditor, upon the settlement of the administrators' account, claiming title to equality, in respect of payment, with the individual creditors,—

*Held,* that the judgment did not purport to adjust the equities of the various creditors, but simply established the right of L. to payment out of decedent's estate; and that the individual creditors should first be satisfied, and thereafter the balance of assets be distributed among the creditors of decedent's firm, including L.

Matter of Gray, 42 *Hun,* 411—distinguished.

MARSHALLING of assets upon judicial settlement of account of administrators of decedent's estate.

RUFUS SCOTT, *for administrators.*

JAMES H. STEVENS, *for Lucy L. Potter and Harriet Wilbur, creditors.*

THE SURROGATE.—Of this estate, there are not sufficient funds to pay the individual debts of the decedent. Here there are two classes of creditors, namely, those having claims against Clark L. Potter alone, and those against the firm of Potter Brothers, of which firm Clark L. Potter was a partner at the time of his death. The claims presented and proven, which were owing by the firm of Potter Brothers, far exceed the others, and if these be allowed and paid from the decedent's estate, the individual creditors will receive but a small portion of their due. The firm of Potter Brothers, at the time of the death of Clark L. Potter, was insolvent.

"It is a settled rule of equity, that in marshalling the assets of a deceased partner, the partnership property is to be first applied to the payment of partnership debts, and that until such debts are all paid, no creditor of the individual partner is entitled to any

share in the assets of the partnership.   Also that the separate creditors of the deceased partner are entitled to priority over the creditors of the partnership, in respect to the separate estate of the deceased partner " (Kirby v. Carpenter, 7 *Barb.*, 373, 378).   See, also, Ganson v. Lathrop (25 *Barb.*, 455 ); Parsons on Partnership, 448; Story on Partnership, § 363; 3 Kent, 64, 65.

Counsel for Lucy L. Potter insists that her claim, for upwards of $2,300, should be entitled to a distributive share of this estate, upon an equality with those holding claims against Clark L. Potter, individually.   An examination of the judgment roll, in the action, in the Supreme court, of Lucy L. Potter against these administrators, shows that the action was based upon the note given by Potter Brothers October 31st, 1878 ; the plaintiff made a case entitling her to recover, for she was unable to obtain satisfaction from the surviving partners composing the firm of Potter Brothers. Her claim was one against the partnership, and should be paid from partnership funds if possible.   Failing to obtain payment from the surviving members of the firm, she became entitled to have her claim paid from the estate of the decedent, and the judgment obtained gives her that right, yet the judgment does not put her claim on an equality with those having claims against Clark L. Potter individually.   The judgment is the ordinary judgment for money, with the additional clause therein—" and it is further decreed that said sum be paid and collected out of the property of the estate of said Clark L. Potter, deceased."

This judgment does not purport to adjust the equi-

ties of the various creditors of the estate of Clark L. Potter, but simply establishes the right of Lucy L. Potter to be paid the amount of her judgment from the estate of Clark L. Potter. It does not change or seek to change the well established rule, above cited, that the separate creditors of a deceased partner are entitled to priority over the creditors of the partnership in respect to the separate estate of the deceased partner. By recovering judgment against the administrators, the nature of the claim is not changed. Counsel cites Matter of Gray (42 *Hun*, 411; rev'g 4 *Dem.*, 515) as an authority requiring the judgment claim of Lucy L. Potter to be paid *pro rata* with those holding claims against Clark L. Potter, individually. There is a marked difference in the two cases: In the Gray case, the referee reported that all of a certain claim in controversy was entitled to share equally in the distribution of the decedent's estate with his individual creditors, and judgment was duly entered in accordance with such report. The General Term held that such judgment was binding upon the Surrogate's court, Justice PRATT dissenting. In the case at bar, the judgment only determines that Lucy L. Potter has a claim against the estate of Clark L. Potter, to be paid in due course of administration. By first paying those holding claims against Clark L. Potter individually, and thereafter paying the judgment claim, we do no violence to the judgment, and only follow the rule settled by a long line of decisions.

The decree to be entered herein will provide for the payment of the individual creditors of Clark L. Potter in full, should there be sufficient assets, and, if

not sufficient assets, that they be paid *pro rata;* should there be funds after the payment of such claims, the balance to be distributed *pro rata* among the firm creditors of Potter Brothers who have proven their claims upon this accounting, including the judgment claim of Lucy L. Potter.